## Michel v. Michel

400

*Elwyn Jones,* for libellant.

HOUCK, J., June 1, 1936. — The report must be remanded to the master. Rule 123 has not been observed. It provides, inter alia, as follows:

"The testimony when written out shall be read to the witness by the master and subscribed by each witness, unless such signing be waived by the parties, of which the master shall make a note."

The testimony is not subscribed and the master has made a note that the signing was waived. However, respondent did not appear and, consequently, could not waive the signing of the testimony. The rule provides that the signing may be waived "by the parties", not by one of the parties.

Two grounds are laid in the libel: Cruel and barbarous treatment and indignities to the person. It is impossible to ascertain from the master's findings of fact upon which ground he recommends a decree. It is apparent that he believes both grounds have been established. If so, he should make a specific finding of fact to that effect. In other words, if cruelty is established, the finding of fact should be substantially that the respondent has, by cruel and barbarous treatment, endangered the libellant's life, and, if indignities to the person are established, the finding should be substantially that the respondent has offered such indignities to the libellant's person as to render her condition intolerable and life burdensome. A specific finding of fact as to the ground or grounds relied upon for the granting of the divorce is an absolute prerequisite to our consideration of the master's report: Rix v. Rix, 25 Schuyl. L. R. 32; Lengle v. Lengle, 27 Schuyl. L. R.

113. To state the grounds relied on partly as facts and partly as conclusions of law is not sufficient: Rodegues v. Rodegues, 30 Schuyl. L. R. 216.

And now, June 1, 1936, the record is remanded to the master for further action in accordance with the views expressed in this opinion.

From G. Harold Watkins, Frackville.